## BASANTA v. THE PEOPLE.

### APPEAL from the District Court of San Juan.

No. 27.—Decided November 23, 1904.

APPEAL—AMOUNT OF DEMAND.—Appeals to the Supreme Court lie from all judgments rendered by district courts in civil actions, except those which come within the jurisdiction of municipal courts.

ID.—"CONTENTIOUS ADMINISTRATIVE" JURISDICTION.—"Contentious administrative" jurisdiction has been abolished, but the old law authorizing "contentious administrative" proceedings authorized appeals from judgments rendered in actions of this character.

INHERITANCE TAX—APPEAL.—The appeal authorized by section 374 of the Political Code in cases where persons or beneficiaries are affected by the appraisal and valuation of property must be taken within thirty days after such appraisal and valuation has been completed by the Treasury Department, and after the expiration of such period, the right of the party to take an appeal therefrom will be deemed to have been forfeited.

ID.—For the purposes of the foregoing doctrine, the appraisal and valuation for taxes will be understood to have been completed immediately after the Treasury shall have determined upon the amount, and ordered the collection of the same.

ID.—The term within which the appeal mentioned in section 374 cannot be deemed to have been interrupted by efforts which are unauthorized by law, and made before administrative officers after their jurisdiction of the matter shall have been terminated.

ID.—PAYMENT OF TAXES AND COSTS.—In order that the appeal referred to above may be allowed, it is necessary that the party shall have previously paid all the taxes and costs imposed for the purposes referred to in said section.

The facts are stated in the opinion.

*Mr. Rossy, Fiscal,* for appellant.

*Mr. Gabriel Guerra,* for defendant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Jorge Y. Finlay having died on December 24, 1902, leaving a will executed before Notary Mauricio Guerra, Mr. Waymouth as attorney-in-fact of Alice Basanta, and Mr. Juan F. Finlay, as testamentary executor of the deceased, in compliance with section 98 of the act to provide revenues for The People of Porto Rico and for other purposes, approved January 31 of the preceding year, presented to the Treasurer of

Porto Rico, under date of January 23, 1903, a notice of the death of the testator and setting forth therein that the said Jorge Y. Finlay, who resided in the city of San Juan, had died upon the aforesaid date, leaving the will to which reference has already been made, devising and bequeathing the properties mentioned in the said notice, with the value of each, and appointing as heirs and legatees the persons mentioned therein, and stating their respective degrees of relationship to the testator, among which legatees appears Alice Basanta with a bequest of $10,000 in cash, and furniture, which was the property of the deceased, valued at $100, the house No. 2 San Justo street, in usufruct, which produces an income of $3,000 per annum, and 100 *cuerdas* of land in the " Hacienda Carmen " of Vega Alta, also in usufruct, it being calculated that the said 100 *cuerdas* produce an income of $1,200 per annum, and have been valued at $10,000; all of which items make a total of $50,100, there being a provision in the will to the effect that upon the death of the usufructuary the house and the lands shall pass to the daughters of the deceased named Emilia, Inés and Josefina.

At the end of the said statement of the properties there is a marginal decree or indorsement dated February 16, 1905, with the stamp of the office of the collector of internal revenue of San Juan, and the signature of the collector, S. Dones, which indorsement reads as follows: " Respectfully referred to the Treasurer, advising that a correct description of the properties declared herein has been made," and following this indorsement, in the proper column, the taxes to be paid by the heirs and legatees of Jorge Y. Finlay upon the different properties mentioned were fixed at $5,452.50, which amount, and the items upon which it is assessed, being in every respect in accord with those set out in the communication which under date of the following day, namely, February 17, was addressed by the Treasurer to the supplementary executor, Mr. Juan Finlay, in order that he should make payment thereof. But

the said amount of $5,452.50 was reduced by the Treasurer on the 22d of April of the same year to $3,911.70, because it was shown that the interests of Alice Basanta, and others, in the cash legacy bequeathed by Jorge Y. Finlay should be understood as in the old provincial money in circulation in the Island, and not the official money in use.

The said sum of 3,911.70 *pesos,* $2,379 of which was charged to Alice Basanta on the legacy in her favor, was paid by the testamentary executor, Juan F. Finlay, on the 25th of April aforesaid, according to a communication of the collector of internal revenues D. S. Dones, to the Treasurer of the Island, without any protest whatever on the part of the testamentary executor, or on the part of the parties interested in the said payment.

On the 11th of May following, Attorney Gabriel Guerra, representing Alice Basanta, appeared in writing before the Treasurer, alleging that the taxes upon the usufruct had been improperly collected, that is to say $2,190, inasmuch as his client should have paid only $189 upon the legacy of $6,000 left her by Jorge Y. Finlay, for which reason he prayed for the return of the sum of $2,190 improperly collected. The Attorney General rendered an opinion upon the question raised in the said claim, the nature of which does not appear, although it was no doubt unfavorable to the claim made by Guerra, since on the 1st of the following month of June he presented a new petition to the Treasurer, stating that he did not agree with the said opinion, and reserving the right to take an appeal to whatever authority might be proper in the premises; and alleging in addition that for the purposes of the taxes imposed the value of the usufruct should be estimated at one-fourth of the value of the property, according to the provisions of the Mortgage Law contained in the fourth of the general regulations for fixing the fees of registrars. This was also required during the Spanish régime by the provisions regulating the imposition of charges for notarial

fees for the conveyance of property. For these reasons he prayed that the sum of $1,821 improperly collected be returned, inasmuch as in accordance with the foregoing basis Doña Alice should have paid only $558; and in case of a negative decision, that the grounds upon which the Treasurer collected from Doña Alice the sum of $2,379 be explained.

The Treasurer asked Attorney Gabriel Guerra for information in regard to the date of the birth of Alice Basanta in order to fix the amount that should have been collected from her by reason of the profit or interest derived from the usufruct during her life, inasmuch as if there should be a discrepancy between the amount of such interest and that of the property or capital, the same should be charged to the daughters of the deceased, into whose hands the property would pass upon the death of Alice Basanta; and the information sought having been furnished by Attorney Guerra, the Treasurer informed him on November 2, 1903, that taking into considertion the probable duration of the life of Alice Basanta and the income produced by the properties bequeathed in usufruct, in in addition to the sum left her in cash, she should pay as an inheritance tax the sum of $2,959.56, that is to say $580.56 more than the amount paid, it neither appearing whether Alice Basanta paid the said difference, nor whether it has been demanded.

Alice Basanta, through her said attorney, on the 1st of the following month of December, took an appeal to the District Court of San Juan from the decision of the Treasurer of November 2d. The record of the administrative proceedings in which the decision appealed from was rendered having been asked for, the parties were heard; that is to say, the attorney for Alice Basanta, and the district attorney representing the Treasurer of Porto Rico, who opposed the appeal on the ground that it had not been taken within the time required by law, and on the ground that the tax had been paid without any protest whatever on the part of Alice Basanta a

decision having been rendered on February 25th of this year by a majority vote, holding that the estimated amount of the tax imposed upon the property inherited by, or the legacy left to, Alice Basanta, by Jorge Y. Finlay, should be arrived at by assessing the value of the usufruct in the house No. 2 San Justo Street, of this city, and the 100 *cuerdas* of land in "Hacienda Carmen" at Vega Alta, at one-fourth of the value of the said properties, without special imposition of costs. From this decision counsel for the Treasurer took an appeal which was allowed.

The parties have made before this court such allegations as they deemed proper, both orally and in writing, in support of their respective contentions, the respondent maintaining further that the appeal cannot be sustained because it is taken from a final judgment from which no appeal lies.

After stating the foregoing facts this court will first consider: 1. Whether or not an appeal lies from the judgment rendered by a majority vote of the San Juan court on February 25th, last; and, 2. Whether or not the decision rendered by the Treasurer of Porto Rico, and communicated to Alice Basanta by her counsel on November 2d of last year was appealable to the said court.

There is no doubt whatever that an appeal lies from the judgment rendered by the District Court of San Juan, and that, therefore, this court has jurisdiction of the case, since article 78 of General Orders No. 118, which is applicable to the case, provides that an appeal in cassation, now appeal, will lie to the Supreme Court in all civil matters, except in cases disposed of by municipal courts; that is to say, cases in which the amount involved does not exceed $400; and as in this case the amount sought to be recovered exceeds $400, it is evident that the appeal taken was properly allowed. And it cannot be alleged that the decision involved was renderd in a contentious-administrative matter, inasmuch as aside from the fact that contentious-administrative proceedings have been abol-

ished, the old law of contentious-administrative matters provided for appeals from judgments rendered in actions of that character.

With respect to the appeal from the decision of the Treasurer of Porto Rico of November 2d, last, allowed and disposed of by the San Juan court, section 374 of the Political Code literally reads as follows:

"Within thirty days after the completion of the said appraisal and assessment of taxes, any person or beneficiary affected thereby shall have the right to appeal therefrom to the district court of the district within which the estate is located on paying, or giving security to pay, all costs, together with whatever tax may have been assessed upon the devise, bequest, legacy, grant or inheritance; and the said district court shall proceed to determine the matter as speedily as possible."

The appraisal of the property and the assessment of the taxes, which are the bases of the claim made by Alice Basanta, were completed by the Treasury on April 2 of last year, when the collection of the said tax was ordered to be made, and those transactions were so fully completed that the payment of the taxes was effected by Juan F. Finlay on the 25th of the same month, without the slightest protest having been made.

It is true that Alice Basanta, as a party beneficially interested, could have taken an appeal from the action of the Treasury within the period of thirty days fixed by the said law; but far from so doing, notwithstanding the fact that she became aware of the consummation of those transactions on the 11th of May following, upon which date her attorney commenced to present claims in the matter against the Treasury, she allowed that right to lapse, and she cannot now allege that the term of thirty days was interrupted by her claims, because such claims, openly contrary to law, and presented before an administrative authority whose jurisdiction in the matter had terminated on April 22d, could not favor her

case to the extent of interrupting the period within which the right to take an appeal could be availed of.

Furthermore, upon the supposition that it was a final decision rendered by the Treasurer on November 2, whereby it was held that Alice Basanta had paid $580.56 less than she should have paid, it is obvious that not having paid that difference, the appeal taken should not have been allowed; but it cannot be inferred from this that the Treasury intended to demand of Basanta the payment of the said difference, nor that it had jurisdiction so to do. Such jurisdiction, whether favorable or otherwise, terminated on April 22d of this year.

The appeal taken to the San Juan court from the decision of the Treasurer rendered November 2d of last year having been improperly allowed, it is unnecessary to discuss the reasons relating to the merits of the question in controversy.

For the reasons set forth, the judgment rendered by a majority of the judges of the San Juan court on February 25 last should be annulled, and the complaint filed or appeal taken from the decision of the Treasurer of Porto Rico on November 2d of last year must be dismissed.

*Reversed.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.